UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES JOSEPH JULUKE, JR.,  )
an individual,  )
  )  Case No.:   3:22-cv-1563
    Plaintiff,  )
v.  )
  )
FAIRWAY CAPITAL PARTNERS, LTD.,  )
a Texas Limited Partnership,  )
  )
    Defendant.  )
_____  )

## COMPLAINT

Plaintiff, JAMES JOSEPH JULUKE, JR. through his undersigned counsel, hereby files this Complaint and sues FAIRWAY CAPITAL PARTNERS, LTD., a Texas Limited Partnership, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq*., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Defendant's Property, which is the subject of this action, is located in Dallas County, Texas.

3. Plaintiff, JAMES JOSEPH JULUKE, JR. (hereinafter referred to as "MR. JULUKE" or "Plaintiff"), is a resident of the State of Texas in Tarrant County.

4. MR. JULUKE is a qualified individual with a disability under the ADA. In 1994,

MR. JULUKE suffered an injury to his spinal cord resulting in trauma to his T-10 vertebrae. MR. JULUKE is a paraplegic and is disabled.

5. MR. JULUKE's disability, at all times material hereto, impairs his ability to walk, stand and bend, all major life activities, and requires him to use a wheelchair to ambulate.

6. Defendant, FAIRWAY CAPITAL PARTNERS, LTD., a Texas Limited Partnership, (hereinafter referred to as "Defendant"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property, generally located at 14999 Preston Rd, Dallas, TX 75254.

7. All events giving rise to this lawsuit occurred in the Northern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a shopping plaza, is open to the public and provides goods and services to the public.

10. Plaintiff has visited the Property and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

11. During his visits, MR. JULUKE experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. MR. JULUKE continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in

violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.304 *et seq*. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

    A.    Plaintiff encountered inaccessible parking designated for disabled use due to excessive slopes within the spaces. This condition made it difficult for Plaintiff to utilize the disabled parking spaces and transfer into and out of a vehicle.

    B.    Plaintiff encountered inaccessible parking designated for disabled use due to built-up curb ramps which protrude into the surface area and access aisle of several of the disabled use parking spaces in front of Hunter Douglas Window Fashions and A1 Gold Rush. This condition made it difficult for Plaintiff to maneuver over these ramps safely.

    C.    Plaintiff encountered an inaccessible entrance to Hunter Douglas Window Fashions due to the excessive long and cross slopes on the sidewalk and the lack of a level landing at the entrance. This condition made it difficult for Plaintiff to safely gain access to the business;

    D.    Plaintiff encountered inaccessible sidewalk routes leading from the disabled use parking spaces to the Property entrances due to excessive slopes and pavement in disrepair along many of the curb ramps and sidewalks causing dangerous conditions throughout the Property.

    E.    Plaintiff encountered inaccessible outdoor table seating at the Super Chix restaurant due to a lack of wheelchair seating locations. Due to this

condition Plaintiff was unable to utilize the outdoor table seating in his wheelchair.

14. Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said barriers be identified.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein. Moreover, but for the barriers to access discussed here, Plaintiff would frequent the Property more often.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned, leased, and/or operated by

Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Respectfully Submitted,

By: ___/s/ Louis I. Mussman___
Louis I. Mussman
Attorney-in-charge
Florida Bar No. 597155
N.D. TX No. 597155FL
Ku & Mussman, P.A.
18501 Pines Boulevard, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@KuMussman.com

and

Gerald J. Smith, Sr.
Texas Bar No.: 24039316

Law Office of G. J. Smith, Sr., PLLC
3901 Arlington Highlands Blvd., Suite 200
Arlington, TX 76018
Tel: (817)635-3100
Fax: (817)635-3104
attorney@gjsmithlaw.com